Argued and submitted December 12, 1986, judgment vacated and remanded with
instructions February 11, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD GEORGE HUNT,
*Appellant.*

(84-9282-K; CA A40852)

732 P2d 956

Marc Kardell, Grants Pass, argued the cause and filed the brief for appellant.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for driving under the influence of intoxicants. *Former* ORS 487.050. After his arrest, he entered the DUII diversion program pursuant to *former* ORS 484.445 (now ORS 813.200). The diversion agreement required him to pay certain fees within one year. At the end of that period, the court terminated the diversion agreement and reinstated the charge, because defendant had not paid the required fees. Defendant obtained appointed counsel and asked the court to reconsider its decision terminating the agreement, because he was unemployed and was receiving public assistance. The court denied the motion, apparently concluding that defendant's indigency was not relevant to the issue. The state concedes that the court erred. We agree. *State v. Anderson,* 66 Or App 855, 677 P2d 39 (1984).

The judgment is vacated, and the case is remanded for reconsideration of termination of the diversion agreement. If the trial court reinstates the agreement, the judgment is reversed. If, after reconsideration, the court terminates the agreement, the judgment shall be reinstated.

Judgment vacated; remanded with instructions.